UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHARLES RAY ROBINSON, | ) | 1:08-cv-01312 MJS HC |
| Petitioner, | ) ) | ORDER DISMISSING PETITION DUE TO PETITIONER'S FAILURE TO FOLLOW A COURT ORDER |
| v. | ) ) | |
| | ) | [Doc. 21] |
| WARDEN, | ) ) | |
| Respondent. | ) | |

  Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus under the authority of 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge. Local Rule 305(b).

  On August 4, 2008, Petitioner filed his petition for writ of habeas corpus. On April 15, 2010, the Court issued an order reassigning the present matter to Magistrate Judge Michael J. Seng and served the order on Petitioner. (Reassignment Order, ECF No. 20.) On April 27, 2010, the order served on Petitioner was returned by the U.S. Postal Service as undeliverable. On May 7, 2010, the Court issued a order to show cause why the petition should not be dismissed due to Petitioner's failure to prosecute the present matter. (Order to Show Cause, ECF No. 21.) Over sixty-three (63) days have passed since mail directed to the Petitioner has been returned, and Petitioner has not informed the Court of his address as required by court order.

///

## I. DISCUSSION

Pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep the Court apprised of his or her current address at all times. Local Rule 183(b) provides, in pertinent part:

> If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

In the instant case, over sixty-three (63) days have passed since Petitioner's mail was returned and he has not notified the Court of a current address.

In determining whether to dismiss an action for lack of prosecution, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the respondents; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Henderson v. Duncan, 779 F.2d 1421, 1423-24 (9th Cir. 1986); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988). The Court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal as this case has been pending since August 4, 2008. The Court cannot hold this case in abeyance indefinitely based on Petitioner's failure to notify the Court of his address. The third factor, risk of prejudice to respondents, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, given the Court's inability to communicate with Petitioner based on Petitioner's failure to keep the Court apprised of his current address, no lesser sanction is feasible.

## II. CONCLUSION

Petitioner has failed to inform the Court of his current address as required by Local Rule 183(b) and court order. Therefore, the petition must be dismissed.

### III. CERTIFICATE OF APPEALABILITY

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 123 S.Ct. at 1040.

///

In the present case, the Court finds that reasonable jurists would not find debatable or wrong the Court's determination that Petitioner is not entitled to federal habeas corpus relief, nor would they find the Petition deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

## IV. ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The Petition for Writ of Habeas Corpus is DISMISSED without prejudice;

2. The Clerk of Court is DIRECTED to dismiss all pending motions as MOOT;

3. The Clerk of Court is DIRECTED to enter judgment; and

4. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: July 21, 2010          /s/ *Michael J. Seng*
                              UNITED STATES MAGISTRATE JUDGE

U.S. District Court
E. D. California
-4-